# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIEGO ALEJANDRO LARA URRIOLA,<br><br>　　　　　　　　　　Petitioner,<br><br>　v.<br><br>CHRISTOPHER J. LAROSE, Senior Warde, Otay Mesa Detention Center; DANIEL A. BRIGHTMAN, San Diego Field Office Director, Immigration and Customs Enforcements and Removal Operations ("ICE/ERO"); TODD M. LYONS, Acting Director of Immigration Customs Enforcement ("ICE"); U.S. Immigration and Customs Enforcements; KRISTI NOEM, Secretary of the Department of Homeland Security ("DHS"); U.S. Department of Homeland Security; and PAMELA BONDI, Attorney General of the United States.<br><br>　　　　　　　　　　Respondents. | Case No.: 25cv3556 DMS MMP<br><br>**ORDER GRANTING PETITION** |

　　This case comes before the Court on the Petition for Writ of Habeas Corpus and Order to Show Cause Within Three Days. As set out in the Petition, Petitioner is a citizen and national of Venezuela. On December 23, 2023, he entered the United States near Eagle

Pass, Texas. After crossing the border Petitioner was apprehended by border patrol agents and taken into custody. On December 28, 2023, Petitioner was released on his own recognizance with a Notice to Appear before an immigration judge on February 27, 2024. Thereafter, Petitioner was monitored through the Intensive Supervision Appearance Program ("ISAP"), and he "complied with every request, demand and requirement imposed by Respondents, in addition to complying with all the court and legal timelines in pursuing immigration relief." (Pet. ¶ 36.)

According to the Petition, the Government initiated removal proceedings against Petitioner on January 31, 2024. On December 4, 2024, Petitioner applied for asylum. On June 24, 2025, Petitioner filed a petition in San Diego Superior Court seeking appointment of a guardian and Special Immigrant Juvenile Findings. (*Id.* ¶ 35.) On July 1, 2025, Petitioner appeared for a hearing before an immigration judge during which Respondents moved to dismiss Petitioner's case so they could place him in expedited removal proceedings. The immigration judge denied that motion, but Respondents nevertheless took Petitioner into custody. He has been in custody since that time and is currently being detained at Otay Mesa Detention Center. After Petitioner was taken into custody, the state court issued its Special Immigrant Juvenile Status ("SIJS") findings. On July 31, 2025, Petitioner filed his petition for SIJS with Respondents.

On December 12, 2025, Petitioner filed the present case seeking his release from custody. He alleges three claims for relief: (1) that Respondents' revocation of his release without a change in circumstances was an abuse of discretion under the Administrative Procedures Act ("APA"), (2) that the revocation of his parole was pursuant to a policy as opposed to an exercise of individual discretion in violation of the APA, and (3) that the revocation of his release violated his procedural due process rights because it was arbitrary and failed to consider whether he posed a safety risk or risk of flight and because there was no change in circumstances justifying his re-detention. In response to the Petition, Respondents argue the Court lacks jurisdiction to consider Petitioner's claims and Petitioner is lawfully detained under 8 U.S.C. § 1225(b)(2)(A). Respondents did not

address the merits of Petitioner's claims under the APA or the Fifth Amendment. In their supplemental response, Respondents acknowledge Petitioner's detention is governed by 8 U.S.C. § 1226(a), and that he is therefore entitled to a bond hearing pursuant to a series of decisions by the United States District Court for the Central District of California in *Maldonado Bautista v. Santacruz*, Case No. 5:25-cv-01873-SSS-BFM. Petitioner filed a traverse disputing Respondents' jurisdiction argument and asserting he is properly detained under section 1226(b). Petitioner also maintains his detention is unlawful, and the appropriate remedy in this case is release as opposed to a bond hearing.

To the extent Respondents maintain the Court lacks jurisdiction to consider the claims alleged in this case, the Court rejects that argument, as it has in several previous cases. *See*, *e.g.*, *Arellano v. LaRose*, No. 3:25-cv-03316-DMS-AHG, ECF No. 6; *Fanfan v. Noem*, No. 25cv3291 DMS (BJW), ECF No. 13, *Medina-Ortiz v. Noem*, No. 25-cv-2819-DMS-MMP, ECF No. 7; *Vasquez Garcia v. Noem*, No. 25-cv-02180-DMS-MMP, 2025 WL 2549431, at *3–4 (S.D. Cal. Sept. 3, 2025). There is also no longer a dispute that Petitioner's re-detention is governed by section 1226(a), not section 1225(b)(2)(A). This leaves only the merits of Petitioner's claims, which Respondents failed to address. Absent any rebuttal from Respondents, the Court grants the Petition, and orders Respondents to release Petitioner forthwith, and subject to the terms of his previous release. *See N-E-M-B v. Wamsley*, No. 3:25-cv-989-SI, 2025 WL 3527111, at *7-8 (D. Ore. Dec. 9, 2025) (granting petition and ordering petitioner's release where respondents failed to contest merits); *F.B. v. Noem*, No. CV-25-04271-PHX-JJT (JZB), 2025 WL 3628652, at *1-2 (D. Ariz. Dec. 4, 2025) (similar). *See also Rios v. Noem*, No. 25-cv-2866-JES-VET, 2025 WL 3141207, at *2-4 (S.D. Cal. Nov. 10, 2025) (granting petition on grounds respondents violated the APA and due process in re-detaining petitioner); *Makuey v. Scott*, No. 2:25-cv-02135-DGE-BAT, 2025 WL 3640900, at *4-7 (W.D. Wash. Dec. 16, 2025) (granting petition on ground petitioner's re-detention violated due process); *Singh v. Andrews*, No. 1:25-cv-01438-EPG-HC, 2025 WL 3563221, at *4-8 (E.D. Cal. Dec. 12, 2025) (same); *Faizyan v. Casey*, No. 3:25-cv-02884-RBM-JLB, 2025 WL 3208844, at *6-8 (S.D. Cal.

Nov. 17, 2025) (same); *Rodriguez Cabrera v. Mattos*, ___ F.Supp.3d ___, 2025 WL 3072687 (D. Nev. Nov. 3, 2025) (same); *E.A. T.-B. v. Wamsley*, 795 F.Supp.3d 1316, 1320-24 (W.D. Wash. 2025) (same).

**IT IS SO ORDERED**.

Dated: December 30, 2025

Hon. Dana M. Sabraw
United States District Judge